**Israel NARANJO OSORIO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–72984.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 2009.*

Jan. 27, 2009.

Israel Naranjo Osorio, Santa Ana, CA, pro se.

John Hogan, Senior Litigation Counsel, Aimee J. Frederickson, U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, SILVERMAN and BYBEE, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's fifth motion to reopen removal proceedings.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

■ An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioner's motion to reopen was filed beyond the 90–day deadline, and it was petitioner's fifth motion to reopen, the BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely and numerically-barred. *See id.*

■ Further, the BIA did not abuse its discretion in declining to equitably toll the time and number limitations on motions to reopen on the ground that petitioner did not establish prejudice from the alleged ineffective assistance of his prior representative. *See Iturribarria v. INS,* 321 F.3d 889, 899–900 (9th Cir.2003). Because the motion to reopen presented no evidence that petitioner now has a qualifying relative, he remains statutorily ineligible for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D); *Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir.2002).

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal

shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**